**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

LARRY TENNYSON, SR.,                          :
                                             :
                  Petitioner,                :
                                             :
v.                                           :        Case No. 5:25-cv-522-MTT-ALS
                                             :
Warden SIDNEY CARTER,[1]                      :
                                             :
                  Respondent.                :

**ORDER**

Petitioner Larry Tennyson, Sr., a prisoner confined at Coffee Correctional Facility in Nicholls, Georgia, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his October 16, 2019 conviction in the Superior Court of Peach County, Georgia. (Doc. 1). On February 9, 2026, Petitioner paid the $5.00 filing fee for this case.

If Petitioner desires to further amend his petition, it is **ORDERED** that he must do so within thirty (30) days of the date of this Order. Petitioner must include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

---

[1] In a habeas corpus petition, the proper respondent is the person with custody over the petitioner. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a petition for a writ of habeas corpus is "the person who has custody over [the petitioner]"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that a petitioner's custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court"). In this case, that person is Warden Carter. Therefore, the Clerk is **DIRECTED** to remove Commissioner Tyrone Oliver as a Respondent in this case.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall commence by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 17th day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

2